IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:03CR336 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| | ) | |
| KEVIN P. McCONNELL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant: Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 69); motion to proceed in forma pauperis (Filing No. 70); motion for copies (Filing No. 72); and motion for leave to supplement the § 2255 motion (Filing No. 73).  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.  Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

**FACTUAL BACKGROUND**

McConnell pleaded guilty to Count I of the Indictment charging him with conspiracy to distribute and possess with intent to distribute over 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.  The plea agreement indicated that the government believed that he was responsible for between 1.5 and 5

kilograms of methamphetamine (base offense level 34), while he believed that he was responsible for more than 500 grams but less than 1.5 kilograms of methamphetamine (base offense level 32). Otherwise, the plea agreement provided that the Defendant was not subject to a role adjustment or an upward adjustment for a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). The Defendant's plea petition, as well as the colloquy at the change of plea hearing, indicated that he was satisfied with the representation provided by defense counsel. (Filing Nos. 31 and 38, at 19-20.) The plea colloquy and petition also indicated that the Defendant understood that the sentencing judge would decide the drug quantity for which he would be held responsible and therefore his base offense level. The Defendant understood the plea agreement and the details of the agreement. (Filing No. 38, at 14.) The Defendant did not object to the Magistrate Judge's Report and Recommendation regarding acceptance of the plea.

The PSR reflected a base offense level of 34, adjusted offense level of 34, a career offender enhancement resulting in offense level 37, a 3-level downward adjustment for acceptance of responsibility, and a total offense level of 34. The Defendant was placed in criminal history category VI, resulting in a sentencing guideline range of 262-327 months. In pertinent part, the Defendant objected to the following portions of the PSR: the base offense level, consistent with his statement in the plea agreement, arguing that the base offense level should be 32; and the career offender adjustment. The Court allowed an evidentiary hearing with respect to those issues. (Filing No. 55.) At sentencing, the Court granted the objection relating to drug quantity, concluding that the Defendant's base offense level was 32. However, the Court denied the objection relating to the Defendant's career offender status. After receiving credit for acceptance of responsibility, the

2

Defendant's total offense level was 34, his criminal history category was VI, and his sentencing guideline range remained at 262-327 months. The Defendant was sentenced to 262 months and 5 years supervised release. (Filing No. 61.) The Defendant signed a notice of right to appeal. (Filing No. 60.) No direct appeal was filed.

## DISCUSSION

McConnell raises the following arguments in his § 2255 motion: ineffective assistance of counsel in failing to dispute drug quantity and explain the plea process and the sentencing guidelines (Ground One); ineffective assistance of counsel in failing to file a notice of appeal and raise issues relating to relevant conduct and career offender (Ground Two); and the 262-month sentence violated *Booker* and the Defendant's Fifth and Sixth Amendment rights under the United States Constitution (Grounds Three and Four).

### *Ground One*

The argument that defense counsel failed to dispute the drug quantity is baseless. Defense counsel pursued the objection in conformity with the Defendant's plea agreement, arguing for a base offense level of 32. Defense counsel was successful; however, the Defendant's career offender status took away the advantage of the lower base offense level. Moreover, the plea petition and plea colloquy show that the Defendant stated under oath that he was satisfied with counsel's performance as of the time of the plea hearing and that he had no objections to counsel's performance. The record includes no indication of any dissatisfaction with respect to counsel's performance.

For the reasons discussed, it appears plainly from the face of the § 2255 motion and the record that the Defendant is not entitled to relief with respect to his claim of ineffective assistance of counsel. The issues raised in Ground One are denied.

*Ground Two*

The Defendant argues that counsel was ineffective for failing to file a notice of appeal. The issues that the Defendant wished to pursue on appeal were relevant conduct and his career offender status.

Pursuing an issue relating to relevant conduct would be fruitless. Defense counsel was successful with his objection to the base offense level reported in the PSR, and the base offense level used in the final guideline calculation was 32, the same offense level agreed upon by the Defendant in his plea agreement.

Likewise, the Defendant's argument that his escape conviction does not qualify as a "crime of violence" further qualifying him as a career offender is meritless. The Eighth Circuit Court of Appeals has stated that even a walkaway escape conviction absent any threat of force or violence qualifies as a crime of violence pursuant to U.S.S.G. § 4B1.1. *United States v. Gary,* 341 F.3d 829, 836 (8th Cir. 2003), *cert. denied,* 540 U.S. 1139 (2004).

For the reasons discussed, it appears plainly from the face of the § 2255 motion and the record that the Defendant is not entitled to relief with respect to his claim of ineffective assistance of counsel at the plea and sentencing stages. The claim is denied.

*Grounds Three and Four*

The Defendant argues pursuant to *United States v. Booker,* 125 S. Ct. 738 (2005) that factors that the drug quantity and his career offender status were not agreed to by him or found by a jury beyond a reasonable doubt. Therefore, he argues that his Fifth and Sixth Amendment rights have been violated and his case should be remanded in light of *Booker*.

4

First, with respect to the retroactivity of the *Booker* decision, the Supreme Court stated in *Booker* that its holding applies to "all cases on direct review." *Id.* at 769. However, the *Booker* Court did not specifically extent retroactivity to cases on collateral review. Although the Eighth Circuit has not yet considered this matter, other circuit courts that have determined the issue have concluded that *Booker* is not retroactive on collateral review. *See, e.g., Green v. United States,* 397 F.3d 101, 103 (2d Cir. 2005); *McReynolds v. United States,* 397 F.3d 479, 480 (7th Cir. 2005), *cert. denied,* 2005 WL 1105026 (U.S. June 6, 2005); *In re Anderson,* 396 F.3d 1336, 1339-40 (11th Cir. 2005).

In addition to the *Booker* Court's failure to include collateral review in its statement regarding retroactivity the Court relies on the following reasoning in support of its conclusion that *Booker* is not retroactive on collateral review:

> [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* 124 S. Ct. 2519 (2004), holding that *Ring v. Arizona,* 536 U.S. 584 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S. Ct. at 2526; *see also Blakely,* 124 S. Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in *Summerlin* "that *Ring* (and a fortiori *Apprendi*) does not apply retroactively on habeas review"); see also *McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir.2001) (holding that *Apprendi* is not retroactive to cases on collateral review); *In re Joshua,* 224 F.3d at 1283 (denying the retroactive application of *Apprendi* to permit second or successive habeas petitions). Because *Blakely,* like *Ring,* is based on an extension of *Apprendi,* Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review. Accordingly, Dean's proposed claim fails to satisfy the statutory criteria. 28 U.S.C. § 2255. *Id.* It follows that because *Booker,* like *Blakely* and *Ring*, is based on an extension of *Apprendi*.

*In re Anderson,* 396 F.3d at 1339-40.

5

Moreover, the Defendant agreed to a drug quantity placing him at base level 32, and defense counsel was successful in obtaining a base offense level of 32 consistent with the Defendant's position stated in the plea agreement.

Finally, the Eighth Circuit Court of Appeals has stated that a defendant's career offender status is unaffected by the *Booker* analysis. *United States v. Mohr,* 2005 WL 1060574 (8th Cir. May 6, 2005).

For the reasons discussed, it appears plainly from the face of the § 2255 motion and the record that the Defendant is not entitled to relief with respect to his claims relating to *Booker*. The claims are denied.

## CONCLUSION

For the reasons discussed, the Defendant's § 2255 motion is summarily denied, together with all other pending motions.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 69) is summarily denied;

2. The Defendant's motion to proceed in forma pauperis (Filing No. 70) is denied;

3. The Defendant's motion for copies (Filing No. 72) is denied;

4. The Defendant's motion for leave to supplement the § 2255 motion (Filing No. 73) is denied; and

5. A separate Judgment will be issued denying the § 2255 motion (Filing No. 69).

DATED this 8th day of June, 2005.

> BY THE COURT:
>
> S/Laurie Smith Camp
> United States District Judge